UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ELAINE HARDY, Individually and as Special
Administrator for the Estate of HOMER WOODRUFF

    Plaintiff,
 v.                Case No. 09-CV-355

CERTAINTEED CORPORATION,
FOSTER WHEELER ENERGY CORPORATION,
GARLOCK SEALING TECHNOLOGIES LLC,
GENERAL ELECTRIC COMPANY,
GENERAL REFRACTORIES COMPANY,
GEORGIA-PACIFIC LLC,
MAREMONT CORPORATION,
OWENS-ILLINOIS INC.,
RAPID AMERICAN CORP.,
and UNION CARBIDE CORP.,

    Defendants.
_____

## ORDER

  On April 4, 2009, plaintiff Elaine Hardy filed a complaint naming CertainTeed Corporation, Foster Wheeler Energy Corporation, Garlock Sealing Technologies ("Garlock"), General Electric Company, General Refractories Company, Georgia-Pacific LLC, Maremont Corporation ("Maremont"), Owens-Illinois Inc., Rapid American Corporation ("Rapid American"), and Union Carbide Corporation as defendants. The complaint alleges that the defendants were in the "business of designing, manufacturing, and selling . . . 'asbestos products.'" (Compl. 1) The plaintiff further contends that Homer Woodruff ("Woodruff"), the father of the plaintiff and on whose behalf the complaint is brought, was exposed to the defendants'

products, resulting in Woodruff's death. (Compl. 1-2). The plaintiff paid the filing fee, filed a certificate of interest, and refused to consent to proceed before a magistrate judge. However, no answer to the complaint has been subsequently filed by three of the defendants: Garlock, Maremont or Rapid American. As of the date of this order, the court can only conclude that either the three defendants: (1) have not been served with a summons and complaint; or (2) have been served with a summons and complaint or waived such service and failed to answer the complaint.

> Rule 4(m) of the Federal Rules of Civil Procedure states the following:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The period to serve the summons and complaint on each defendant expired on August 2, 2009, 120 days after the plaintiff filed the complaint. Accordingly, plaintiff shall have twenty (20) days from the date of this order to provide good cause for failure to timely serve Garlock, Maremont and Rapid American with a summons and a complaint. If the plaintiff does not provide good cause for failing to timely service defendants or provide some indication that the three defendants in question were served or waived service of process, the court will dismiss the complaint against the three aforementioned defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

In the alternative, if the plaintiff shows that she did serve the three defendants in question or the three defendants waived service of process, Civil Local Rule 41.2 controls. It reads:

> In all cases in which a defendant has failed to file an answer or otherwise defend within 6 months from the filing of the complaint and the plaintiff has not moved for a default judgment, the Court may on its own motion, after 20 days' notice to the attorney of record for the plaintiff . . . enter an order dismissing the action for lack of prosecution.

Civil L.R. 41.2. Here, the complaint was filed on April 4, 2009. The six-month period in the which the plaintiff must file a motion for default judgment expired on October 5, 2009. As such, if Garlock, Maremont and Rapid American were properly served or waived service of process, the court will dismiss this case pursuant to Civil Local Rule. 41.2 unless a responsive pleading by the defendants or motion for default by the plaintiff is filed within twenty (20) days of the date of this order.

Accordingly,

**IT IS ORDERED** that the plaintiff shall have twenty (20) days from the date of this order to provide good cause for the failure to timely serve defendants Garlock Sealing Technologies, Maremont Corporation and Rapid American Corporation with a summons and complaint or, in the alternative, provide proof of service on or waiver of service by Garlock Sealing Technologies, Maremont Corporation and Rapid American Corporation and move for default judgment if no responsive pleading is filed by defendants; if the plaintiff fails to provide good cause for the failure to timely serve the defendants in question, or, in the alternative, if service has occurred on or

-3-

Case 2:09-cv-00355-JPS    Filed 10/07/09    Page 3 of 4    Document 17

if service was waived by the three defendants in question and if no responsive pleading is filed by the defendants and plaintiff fails to file a motion for default judgment within twenty (20) days of the date of this order, the court will dismiss this action without prejudice as it pertains to Garlock Sealing Technologies, Maremont Corporation and Rapid American Corporation.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge